# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

J.W., by his natural guardians and next )
friends, LARRY and GAYLA WARD, )
                                         )
                   Plaintiff, )
                                         )
v. )
                                         )   No. 09-2357-CM-DJW
                                         )
GARDNER SCHOOL DISTRICT No. 231, )
JOHNSON COUNTY, KANSAS, )
                                         )
                   Defendant. )
                                         )

## MEMORANDUM AND ORDER

Plaintiff J.W., an eight-year-old child with autism, brings this action against defendant Unified School District No. 231, Johnson County, State of Kansas (the "District"), alleging a failure to provide free and appropriate educational services in violation of the Individuals with Disabilities Education Act, 20 U.S.C. § 1401 *et seq.* ("IDEA"). This matter is currently before the court on plaintiff's Motion to Receive Additional Evidence (Doc. 28). Plaintiff asks this court to supplement the administrative record in this matter with thirteen exhibits that were produced and marked at the administrative hearing but were not admitted into evidence. These documents are identified as exhibit numbers 24, 33, 34, 65, 86, 87, 88, 90, 91, 136, 177, 201, and 229. The matter has been fully briefed, and the court has reviewed the administrative record and the offered exhibits. For the reasons that follow, the court grants the motion in part and denies it in part.

**I.    Factual Background**

J.W. sought a state due process hearing on March 13, 2008, which was held in five sessions over the course of 16 days: October 13–16; October 20–22; November 6–7; November 13–14; and

December 1–5, 2008. The hearing officer issued a decision denying plaintiff's requested relief on March 29, 2009. As required by Kansas law, J.W. timely requested review of the hearing officer's decision by a review officer appointed by the Kansas State Department of Education ("KSDE"). Kan. Stat. Ann. § 72-974(b). The KSDE review officer affirmed the hearing officer's decision on June 4, 2009. Plaintiff then filed this action seeking judicial review of the administrative decision.

**II.     Timeliness**

At the outset, defendant argues that plaintiff's motion is untimely. The most recently revised scheduling order in this case (Doc. 25) was amended with a notation that: "Any motion to consider additional evidence shall be filed by 12/31/10." (Doc. 26.) Plaintiff filed the instant motion on January 5, 2011. Plaintiff did not seek an extension of time or seek leave to file the motion out of time.

In general, the district court has discretion to enforce the magistrate's scheduling order. "To maintain control over its docket and to ensure its credibility, the court often must be firm in setting deadlines and in enforcing them." *Adams v. Goodyear Tire & Rubber Co.*, 184 F.R.D. 369, 372 (D. Kan. 1998). In addition, "courts are empowered to ignore untimely filings or to impose other consequences for dilatory behavior." *Id*. Nevertheless, in its discretion, the court prefers to address the issues raised in the motion. The court does not believe that the delay was the result of bad faith, or that such consideration will result in prejudice to defendant.

**III.    Legal Standard for Admission of Additional Evidence**

In this IDEA case, the court is required (1) to examine the records of the administrative proceedings, (2) to "hear additional evidence at the request of a party," and (3) to base its decision on the preponderance of the evidence. 20 U.S.C. § 1415(i)(2)(C)(ii). Although the quoted language

does not appear to allow for discretion, courts have largely agreed that "taking of additional evidence as that term is used in [IDEA] is a matter left to the discretion of the trial court." *Johnson v. Olathe Sch. Dist.*, 212 F.R.D. 582, 585 (D. Kan. 2003). The parties agree that the question of what additional evidence to admit in an IDEA review is one left to this court's discretion.

Furthermore, a majority of courts addressing the issue have "narrowly construed the word 'additional.'" *Id*. at 585 & n.12 (collecting cases). The court "must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo." *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 791 (1st Cir. 1984), *aff'd on other grounds*, 471 U.S. 359 (1985). The Tenth Circuit has explained that, under the applicable "modified *de novo*" standard of review, a trial court should "independently review the evidence contained in the administrative record, *accept and review additional evidence, if necessary*, and make a decision based on the preponderance of the evidence, while giving 'due weight' to the administrative proceedings below." *Murray ex rel. Murray v. Montrose County Sch. Dist. RE-1J*, 51 F.3d 921, 927 (10th Cir. 1995) (emphasis added).

Of central importance is whether the proposed additional evidence is relevant, non-cumulative, and useful for determining the issue before the court. *See Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 760 (3rd Cir. 1995); *Miller ex rel. S.M. v. Bd. of Educ.*, 565 F.3d 1232, 1241 (10th Cir. 2009); *see also O'Toole ex rel. O'Toole v. Olathe Dist. Sch.*, 963 F. Supp. 1000, 1015 (D. Kan. 1997).

This court's analysis is also informed by the factors set out in *Town of Burlington*, 736 F.2d at 790. Although the Tenth Circuit has not expressly addressed the *Burlington* factors, *see Tyler V. ex rel. Desiree V. v. St. Vrain Valley Sch. Dist. No. RE-1J*, No. 07-cv-01094-REB-KLM, 2008 WL 2064758, at *1 (D. Colo. May 12, 2008), these factors have been widely accepted by the majority of

courts—including this court, *see Johnson*, 184 F.R.D. at 585 & n.12 (collecting cases), and at least one other district court within the Tenth Circuit, *see Miller v. Bd. of Educ.*, 455 F. Supp. 2d 1286, 1302 (D. N.M. 2006).

Under *Burlington*, additional evidence might be justified if offered to repair the record; correct error where the hearing officer improperly excluded evidence; and/or update the court on events that occurred subsequent to the exhaustion of administrative remedies. *Burlington*, 736 F.2d at 790. *Burlington* also cautions the court to be conscious of "the important concerns of not allowing a party to undercut the statutory role of administrative expertise, [and] the unfairness involved in one party's reserving its best evidence for trial." *Id*. at 791. The *Burlington* factors suggesting admission of additional evidence are primarily addressed to remedying issues outside of a plaintiff's control, such as unavailability of a witness or "gaps in the administrative transcript owing to mechanical failure." *Id.* at 790–91. When a party chooses not to introduce evidence below, whether through oversight or for deliberate, strategic reasons, there is less of a case for admitting the evidence on review. *See Walker County Sch. Dist. v. Bennett*, 203 F.3d 1293, 1297 (11th Cir. 2000) (permitting previously available evidence to be offered in the district court "would raise the dual concerns of unfairly permitting the parties to reserve their best evidence for trial while essentially converting an administrative review proceeding into a trial *de novo*"); *Brandon H. ex rel. Richard H. v. Kennewick Sch. Dist. No. 17*, 82 F. Supp. 2d 1174, 1179, 1183 (E.D. Wash. 2000) (declining to admit additional evidence that was available to the plaintiff at the administrative level where plaintiff "failed to show that he could not have, by due diligence, discovered the information in time to offer it at the hearing").

**IV.    The Exhibits, Arguments, and Discussion**

In its memorandum in support of this motion, plaintiff does not set forth separate reasons for

admitting each exhibit. Rather, plaintiff argues that all thirteen proffered exhibits should be admitted into evidence because: (1) the exhibits are "directly relevant to the issues that are the subject of this courts [*sic*] review"; (2) the exhibits "help provide documentation of then existing facts"; (3) the exhibits are useful in determining whether the goals of IDEA were met; (4) the exhibits provide a "discreet [*sic*] look at J.W.'s progress at various points in time and how the district is providing services"; (5) introduction of the exhibits will not prejudice defendant because they "are mainly documents of the districts [*sic*] creation, they were marked as Exhibits in the [a]dministrative action and were all discussed on at least a limited basis in the underlying action"; and (6) plaintiff is not offering any additional evidence as a basis for a new theory of relief. (Doc. 29, at 7–8.)

### A.     Omitted Exhibits 24, 33, 65, 86, 87, 88, 90, and 91

These eight exhibits—Exhibit Nos. 24, 33, 65, 86, 87, 88, 90, and 91—constitute a variety of documents related to the provision of special education services for plaintiff.[1] The dates marked on these documents range from August 24, 2005 to June 4, 2007. Defendant argues that these eight exhibits were never mentioned during the hearing, let alone offered into evidence. According to defendant, no foundation was laid for these exhibits, many of which "have handwritten notations whose source is unknown." (Doc. 30, at 4.) Defendant argues admission of these exhibits would be highly prejudicial and "patently unfair" because defendant was unaware of any significance they

---

[1] Exhibit 24 contains the staffing committee meeting reports for September 19 and 27, 2005. These documents summarize discussions between parents and teachers as to the child's progress and learning objectives. Exhibits 33, 88, and 90 are Prior Written Notice forms from the District outlining accepted and rejected proposals for changes in plaintiff's special services. Exhibit 65 is a letter from the District notifying plaintiff's parents of his eligibility for the Extended School Year Program. Exhibit 86 is an email from Marcia Munsell, the District's Special Services Coordinator. Exhibit 87 is a reply from plaintiff's father to Ms. Munsell's email. Exhibit 91 is a letter from Judy Martin, the District's Director of Special Services.

might have had to the hearing and defendant did not have an opportunity to cross-examine witnesses regarding the exhibits or introduce related testimony that might explain the exhibits. (Doc. 30, at 4–5.)

Because plaintiff failed to file a reply addressing the defendant's representations and characterizations of individual exhibits, the court accepts defendant's representations—particularly the representation that these eight exhibits plaintiff now seeks to add to the record were never mentioned at the administrative hearing, let alone offered into evidence. The court finds that plaintiff fails to justify the admission of these exhibits on review. Their omission from the hearing, whether purposeful or inadvertent, cannot be repaired by the court and renders them irrelevant to this court's review of the administrative decision.

### B. Mentioned But Not Offered Exhibit 34

This is a document dated September 9, 2005 that contains an Individualized Education Program (IEP) and various skill assessments and data on plaintiff's progress. Plaintiff argues that this document "includes data for a period of discussed [*sic*] extensively during the administrative tribunal." (Doc. 29, at 3.) Defendant concedes that plaintiff's counsel "asked a brief series of questions about Exhibit 34 during the administrative hearing, but never offered it into evidence." (Doc. 30, at 5.)

Although the court is mindful that allowing additional evidence on review should not minimize the critical role of the hearing officer in the IDEA scheme, the court finds that the documents comprising Exhibit 34 may be relevant to the issues in this case. The evidence was available to the parties at the administrative level, as evidenced by plaintiff's brief series of questions about the exhibit. Although plaintiff does not make any specific arguments as to why this exhibit could not have been introduced into the record at that stage, the court will consider it in

determining whether the requirements of the IDEA are met in this case.

### C. Partially Questioned Exhibit 136

This exhibit contains a series of notes and emails between defendant and plaintiff's parents marked with dates between September 6, 2007 and October 2, 2007. Defendant does not object to the reception and consideration of pages two and three from Exhibit 136 because these pages were the subject of questioning by counsel for both parties at the hearing, and their absence from the record was inadvertent. However, defendant objects to the admission of the remaining pages from Exhibit 136 because, like the exhibits discussed above in Subsection A, they were not mentioned at the hearing, nor were they offered into evidence.

The court therefore will consider pages two and three from Exhibit 136, as they appear to correct or repair an inadvertent gap in the record. The court will not, however, consider the remainder of that exhibit for the reasons set out above.

### D. Excluded Exhibit 177

This exhibit is a copy of defendant's visitor policy. It was the subject of two questions and was introduced at the hearing, but the exhibit was excluded on the grounds that it was irrelevant and cumulative. Having reviewed the relevant portions of the administrative record, the court does not believe plaintiff has established that the hearing officer erred in excluding this exhibit. Indeed, it appears that Exhibit 177's potential relevance was to an allegation in the complaint that had previously been dismissed as improperly pled, and which was not before the hearing officer. The court will not consider Exhibit 177.

### E. Supplemental Last Page of Exhibit 201

Defendant does not object to the reception and consideration of Exhibit 201 except for the last page because that exhibit was offered and admitted at the hearing (with the exception of the last

-7-

page). Exhibit 201 is the written report of plaintiff's expert witness, Dr. Patricia Meinhold. The last page is an email from Dr. Meinhold, authored several months after the report. Dr. Meinhold testified at the administrative hearing and was available to testify about the contents of the email. Plaintiff did not seek to introduce the email until after Dr. Meinhold had finished testifying, and the hearing officer excluded the email as inadmissible hearsay. The court declines to find that the hearing officer improperly excluded the evidence. The author of the email was present at the hearing and could have testified about the email. Therefore, the court will consider Exhibit 201 but will not consider the last page.

### F. Undisclosed and Excluded Exhibit 229

Exhibit 229 contains daily student data sheets compiled by District employees. Defendant argues these files were not disclosed during the discovery process and were excluded by the hearing officer because they were not provided to defendant prior to the hearing in accordance with Kansas law. *See* Kan. Stat. Ann. § 72-973(b)(5). Plaintiff offers no argument to explain why the exhibit was not previously disclosed, nor does plaintiff offer argument that the exhibit was improperly excluded at the hearing. The court will not consider it.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Receive Additional Evidence (Doc. 28) is granted in part and denied in part as set forth above.

Dated this 31st day of March 2011, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**