IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J.W., by his natural guardians and )
next friends, LARRY WARD and )
GAYLA WARD, )
           )
  Plaintiffs, )
           ) CIVIL ACTION
  v. )
           ) Case No. 09-2357-CM-DJW
UNIFIED SCHOOL DISTRICT NO. )
231, JOHNSON COUNTY, )
STATE OF KANSAS, )
           )
  Defendants. )
           )

## MEMORANDUM AND ORDER

Plaintiff J.W., by his parents and next friends, brings this claim against defendant under the Individual with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1412(a)(5). Plaintiff argues that defendant acted in violation of the IDEA when it failed to provide plaintiff with an adequate free education. (Doc. 1, at 1.) Before bringing this federal claim, plaintiff was party to an administrative process at the state level. The state administrative officer found in favor of defendant and affirmed that decision on appeal. (A.R. Doc. 53.)

The matter is now before the court on defendant's Motion to Strike Plaintiff's Motion for Judgment on the Pleadings (Doc. 40). Defendant asks the court to strike plaintiff's motion on the ground that its length far exceeds the court's rules on page limitations. Defendant argues that it will be prejudiced by reviewing and responding to plaintiff's overly long motion.

Under Rule 12(f), a court may strike from a pleading "any redundant, immaterial, or scandalous matter." Fed. R. Civ. P. 12(f). Although striking an entire motion is a drastic remedy and generally disfavored, the decision to strike lies within the court's sound discretion. *Dockhorn v.*

*Kitchens by Kleweno*, No. 08-2307-JAR, 2010 WL 1196425, at *2 (D. Kan. Mar. 23, 2010); *Sellers v. Butler*, No. 02-3055-DJW, 2006 WL 2873470, at *2 (D. Kan. Oct. 5, 2006) (noting that "[t]his Court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and are likely to cause prejudice to one of the parties").

After filing his IDEA complaint, plaintiff participated in a scheduling conference with Magistrate Judge Waxse, and is subject to the scheduling order Judge Waxse entered in this case. The scheduling order states that the parties "prefer to utilize, to the greatest extent possible, the proposed findings of fact and conclusions of law submitted to the administrative hearing officer, with a short supplement briefing . . . why the administrative hearing officer's decision was or was not correct." (Doc. 25, at 2.) The proposed findings of fact and conclusions of law that plaintiff originally submitted to the administrative hearing officer totals 90 pages. (A.R. Doc. 51, disc.) Plaintiff's Motion for Judgment on the Pleadings, comprised entirely of proposed findings of facts and conclusions of law, is 407 pages long.

The statement of facts in plaintiff's motion, required to be "concise" by local rules, totals 290 pages. D. Kan. Rule 7.6(a)(2). The court does not consider a 290-page statement of proposed facts, on its face, to be "concise" for the purposes of a motion for judgment on the pleadings. *Cf. Farmer v. Astrue*, No. 09-2505-JWL, 2010 WL 4904801, at *3 (D. Kan. Nov. 24, 2010) (discussing length and purpose of factual statement contained in a brief submitted to the court). In the context of this case, the court notes that Judge Waxse's scheduling order stated that the parties preferred to use, "to the greatest extent possible," the proposed findings of facts and conclusions of law submitted to the administrative officer. (Doc. 25, at 2.) The factual statement in plaintiff's motion to this court, on the same subject matter, is more than four times longer than the proposed facts plaintiff submitted to

the administrative hearing officer.

Plaintiff argues that the longer statement of facts in necessary because this court was not afforded the "arduous luxury" of sitting through the 16-day administrative hearing. (Doc. 43, at 4.) But plaintiff's argument section, in which plaintiff might otherwise explain why the additional facts are important, contains only what appear to be proposed conclusions of law. (Doc. 38, 290–406.) Without adequate briefing as to the specific importance of the added material, the court will not undertake the task of comparing the proposed facts in plaintiff's motion to the proposed facts plaintiff submitted at the administrative hearing.

The argument and authorities section in plaintiff's motion, limited to 30 pages under D. Kan. Rule 7.1(e), is 116 pages long. (Doc. 38, 290–406.) Plaintiff did not seek permission to exceed the court's clearly-established page limitation rules with respect to briefs and legal memoranda. Plaintiff's attorney acknowledges that he should have sought leave of the court before filing the motion. (Doc. 43, at 4.) The reason plaintiff's attorney gives for not doing so is that plaintiff's attorney could not accurately predict the number of pages he would need to complete his argument. But plaintiff's attorney admits that he *knew* he would need more than 50 pages to sufficiently make his argument. A 50-page argument itself is 20 pages beyond what D. Kan. Rule 7.1(e) allows. The actual argument in plaintiff's motion exceeds the page limitation rule by more than 70 pages.[1]

Motions to strike are often dilatory and generally disfavored. *Dockhorn*, 2010 WL 1196425, at *2. It is true that the court will *usually* decline to strike an entire motion. In this case, however,

---

[1] Plaintiff's attorney incorrectly calculates the length of plaintiff's motion for judgment on the pleadings. Plaintiff's response to defendant's motion to strike states that the plaintiff's proposed statement of facts in the motion for judgment on the pleadings consists of 290 pages and the arguments consists of 170 pages. (Doc. 43, at 2.) If these two figures were correct, added together, the total number of pages would be 460. The last page of Plaintiff's motion for judgment on the pleadings is page 407 (Doc. 38.) The arguments section of plaintiff's motion is actually 116 pages, with the last page of the motion bearing the certificate of service.

two factors weigh heavily in favor of defendant's motion to strike.  First, plaintiff's failure to seek the court's leave prior to filing the 407-page motion in question, when plaintiff knew that the argument section would be *at least* 20 pages longer than D. Kan. Rule 7.1(e) allows, is unacceptable. *See Coleman v. Blue Cross Blue Shield of Kan.*, 487 F. Supp. 2d 1225, 1233 (D. Kan. 2007) (discussing that the complexity of a case does not allow a party to disregard the court's rules concerning page limitation).  Second, if the court considers the motion, it would result in prejudice by forcing the defendant to pick through the grossly non-conforming document in preparing a response.  This prejudice is magnified by the fact that the parties agreed to use, as much as possible, their respective proposed facts and conclusions from the administrative hearing below.  Moreover, the scheduling order calls for the parties to submit a "short supplemental briefing" explaining why the court should rule in their favor.  Unlike defendant's Motion for Judgment on the Administrative Record and Memorandum in Support (Docs. 32, 33), plaintiff's motion does not comply with the court's scheduling order and it grossly exceeds the court's rules page limitation rules.

In sum, this is the rare case in which striking the entire motion without prejudice, is, in the court's discretion, the appropriate remedy.  Plaintiff may re-file a motion or otherwise file briefing on the merits of the action in compliance with all applicable court rules and orders.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike Plaintiff's Motion for Judgment on the Pleadings (Doc. 40) is granted.  Plaintiff may re-file a motion or otherwise file briefing on the merits of the action in compliance with all applicable court rules and orders.

Dated this 15th day of June 2011, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**